# STATE OF MICHIGAN

# COURT OF APPEALS

In re HEAD/JONES, Minors.

UNPUBLISHED
April 28, 2016

No. 330030
Wayne Circuit Court
Family Division
LC No. 08-482250-NA

Before: BECKERING, P.J., and OWENS and K. F. KELLY, JJ.

PER CURIAM.

Respondent appeals as of right the circuit court's order terminating her parental rights to the minor children pursuant to MCL 712A.19b(3)(g), (i), (j), and (*l*). We affirm.

Although respondent argues that the trial court erred in finding statutory grounds for termination, respondent accurately conceded below, and she does not contest on appeal, that a statutory ground for termination existed under § 19b(3)(*l*) in light of the prior termination of her parental rights to another child in Tennessee. Furthermore, the evidence clearly established that respondent failed to provide proper care and custody for the three children at issue in this appeal by exposing two of them to a chaotic home environment riddled with domestic violence and by using cocaine while pregnant with the third child. In addition, considering that she had been offered reunification services in prior cases involving two other children, that her participation in those cases was minimal, and that she did not regain custody of either child, the evidence clearly showed that there was no reasonable expectation that respondent would be able to provide proper care and custody for the children at issue in this case within a reasonable time considering the children's ages. Therefore, the trial court did not clearly err in finding that termination was also justified under § 19b(3)(g). Because it is only necessary to establish one statutory ground for termination, *In re Frey*, 297 Mich App 242, 244; 824 NW2d 569 (2012), and the evidence supported termination under §§ 19b(3)(g) and (*l*), any alleged error in relying on §§ 19b(3)(j) and (i) as additional grounds for termination was harmless. *In re Powers Minors*, 244 Mich App 111, 118; 624 NW2d 472 (2000).

Respondent also argues that termination of her parental rights was not in the children's best interests under MCL 712A.19b(5). We disagree. We review the trial court's decision regarding a child's best interests for clear error. *In re White*, 303 Mich App 701, 713; 846 NW2d 61 (2014). See also MCR 3.977(K). Whether termination is in the child's best interests is determined by a preponderance of the evidence. *In re Moss*, 301 Mich App 76, 90; 836 NW2d 182 (2013). The evidence showed that three of respondent's children tested positive for illegal

-1-

drugs at birth, yet respondent denied using drugs. Respondent admitted to multiple relationships with abusive partners, but would not discuss specifics with the clinic evaluator, downplayed the significance of the older children's exposure to abuse, and even denied certain facts that she had previously admitted in court. Respondent failed to comply with reunification services offered to her in connection with the removal of two other children. Because respondent's prognosis for benefiting from services was poor and there was no evidence of a strong bond between respondent and the children, who required stability and permanency, the trial court did not clearly err in terminating respondent's parental rights to the children.

Affirmed.

/s/ Jane M. Beckering
/s/ Donald S. Owens
/s/ Kirsten Frank Kelly